1  SCOTT N. SCHOOLS (SCBN 0999)
   United States Attorney

2

3  BRIAN J. STRETCH (CSBN 163973)
   Chief, Criminal Division

4  BARBARA BRENNAN SILANO (MASSBAR 055540)
   KIRSTIN M. AULT (CSBN 206052)

5  Assistant United States Attorneys

6  450 Golden Gate Avenue
   San Francisco, Ca. 94102

7  Tel: (415) 436-7223/6940
   Barbara.Silano@usdoj.gov

8  Kirstin.Ault@usdoj.gov

9
   Attorneys for Plaintiff

10
                    UNITED STATES DISTRICT COURT

11
                  NORTHERN DISTRICT OF CALIFORNIA

12
                      SAN FRANCISCO DIVISION

13

14  UNITED STATES OF AMERICA,            )    No. CR-7-0645 MMC
                                         )
15        Plaintiff,                     )
                                         )
16     v.                                )
                                         )    MEMORANDUM OF THE UNITED
17  SARAH ROPATI, et al.,                )    STATES REGARDING DETENTION
                                         )    PURSUANT TO 18 U.S.C. § 3142
18        Defendant,                     )
                                         )
19

20  **I.    INTRODUCTION**

21        Defendant Sarah Ropati comes before this Court charged with Conspiracy to

22  Distribute heroin and Distribution of heroin. The charges trigger a presumption that

23  Ropati is a danger and a flight risk, yet the presumption is not what moves the United

24  States to seek detention of Ropati, but rather her own conduct. Ropati engaged in the sale

25  of heroin not once, but thirty-three times during the course of the investigation. A search

26  of her home yielded an assault rifle and two shotguns together with an additional seven

27  ounces of heroin. More importantly, Ropati used a juvenile to commit the offense. Worse

28  yet, the juvenile Ropati chose was none other than her own 15 year old sister.

    DETENTION MEMORANDUM                           1

**II.    NATURE OF THE OFFENSE- 18 U.S.C. § 3142(g)(1)**

**1.    Charges and Rebuttable Presumption**

The United States moves to detain ROPATI pursuant to Title 18 U.S.C. § 3142 as both a flight risk and a danger to the community.  ROPATI is indicted in three counts of the indictment– Conspiracy to Distribute heroin in violation of Title 21 U.S.C. § 846; Distribution of heroin in violation of 21 U.S.C. § 841 and Use of a Person under 18 in drug operations in violation of 21 U.S.C. § 861.  She faces a minimum mandatory sentence of ten years to life in prison.  As a result, there is a presumption that he is both a flight risk and a danger. See 18 U.S.C. §3142 (e).  On June 5, 2007, ROPATI called codefendant Penaloza-Hilario and ordered five ounces of heroin.  Officers set up surveillance and observed ROPATI meet with Penaloza-Hilario in order to acquire heroin.  Police officers initiated a traffic stop on ROPATI's car and recovered five ounces of black tar heroin from ROPATI's younger sister.  ROPATI's 15 year old sister, identified herein as VR advised police that ROPATI had directed her to put the heroin down her pants as the police approached.

**2.    Defendant's Habitual Heroin Sales**

Defendant's heroin purchase on June 5, 2007 was not done in isolation.  Between February 14, 2007 and June 5, 2007, ROPATI purchased heroin for distribution thirty-three times as follows:

| 2/14/07 | 3 ounces | 3/5/07 | 5 ounces | 5/15/07 | 5 ounces |
|---------|----------|--------|----------|---------|----------|
| 2/15/07 | 5 ounces | 3/6/07 | 5 ounces | 5/17/07 | 5 ounces |
| 2/16/07 | 5 ounces | 3/8/07 | 5 ounces | 5/18/07 | 5 ounces |
| 2/17/07 | 5 ounces | 3/9/07 | 10 ounces | 5/23/07 | 5 ounces |
| 2/21/07 | 5 ounces | 3/10/07 | 5 ounces | 5/25/07 | 3 ounces |
| 2/24/07 | 5 ounces | 3/11/07 | 5 ounces | 5/27/07 | 6 ounces |
| 2/25/07 | 5 ounces | 3/12/07 | 5 ounces | 5/30/07 | 3 ounces |
| 2/28/07 | 5 ounces | 3/13/07 | 5 ounces | 6/01/07 | 5 ounces |
| 3/1/07 | 5 ounces | 5/8/07 | 5 ounces | 6/3/07 | 15 ounces |
| 3/2/07 | 5 ounces | 5/10/07 | 5 ounces | 6/5/07 | 5 ounces |
| 3/3/ 07 | 5 ounces | 5/11/07 | 5 ounces | | |
| | | 5/12/07 | 5ounces | | |

All of these sales took place while the defendant was residing at 1826 101st Ave in Oakland, California.  Agents observed the heroin deliveries to this residence on four

DETENTION MEMORANDUM                    2

1   occasions. The repetitious nature of her conduct mitigates in favor of detention.

2      **3.      Use of a Person Under the Age of 18**

3      Apparently not content to distribute heroin almost daily on her own. ROPATI chose,
4   on at least one occasion, to use a person under 18 to assist her in the distribution of
5   heroin. Worse, the juvenile she selected was her own 15 year old sister. On June 5,
6   2007, shortly after ROPATI was intercepted ordering heroin from her supplier on court
7   authorized electronic surveillance, police officers in uniform in a marked unit stopped the
8   defendant. The fifteen year old sister, who will be identified herein as VR, appeared
9   nervous. Officers searched both defendant ROPATI and VR and found five ounces of
10  heroin inside the pants of the juvenile. According to the statement made by the juvenile
11  to officers at the scene, when the police attempted to stop the car ROPATI was driving,
12  ROPATI instructed juvenile VR to put the heroin down the front of her pants where the
13  police later recovered it.

14     The government submits that ROPATI poses a danger to the community in general
15  and to the juvenile in particular. She has demonstrated no qualms about involving a
16  youngster in heroin sales, choosing to take her 15 year old sister to the scene of a heroin
17  transaction and then urging her to place the heroin on her person. Those factors merit
18  detention in order to protect the juvenile from further criminal conduct on the part of
19  ROPATI.

20     4.      **Items Found In Search of Defendant's Home**

21     Agents searched the home of ROPATI and found an assault rifle and two shotguns.
22  They also recovered approximately seven ounces of heroin.

23     5.      **Complaints Regarding Behavior at Defendant's Home**

24     On March 19, 2007, residents complained to the City of Oakland Police Department
25  regarding drug dealing and smoking at 1826 101st Ave, ROPATI's address. According to
26  the report, Lisa Rapade [sic] and Sarah are holding the neighbors hostage as they cannot
27  even sit in front of their own homes. Visitors at 1826 101st often sit in front of neighbors
28  home, play loud music, smoke dope and use profanity. "Most neighbors are afraid to

DETENTION MEMORANDUM                             3

1 │ complain, as there have been three deaths associated with this home."

2 │ **III.    LEGAL AUTHORITY TO DETAIN THE DEFENDANTS**

3 │      Under the Bail Reform Act, an authorized judicial officer may order the detention
4 │ or release of a defendant pending trial. A rebuttable presumption of both dangerousness
5 │ and risk of flight exists when the defendant is charged with a drug felony that carries a
6 │ maximum term of imprisonment of ten years or more. 18 U.S.C. §3142 (e). Once the
7 │ defendant produces some evidence to rebut the presumption, the presumption has been
8 │ rebutted. United States v. Cook, 880 F. 2d 1158, 1162 (10th Cir. 1989). However, the
9 │ presumption does not disappear, but rather remains as a factor for consideration in the
10 │ Court's determination. Id.

11 │      The potential sentences in this case far exceed those sufficient to trigger a
12 │ presumption and place an enormous incentive on the defendants to flee. In the matter
13 │ before this court, the defendants face a maximum of life in prison, and a minimum
14 │ mandatory term of imprisonment of ten years. In the case of the fifteen defendants
15 │ charged in the case who have prior drug felonies, their exposure is a minimum mandatory
16 │ twenty years to life. As for the rebuttable presumption of danger, 18 U.S.C. § 3142(f)(1),
17 │ identifies those types of crimes in which "a rebuttable presumption arises that no
18 │ condition or combination of conditions will reasonably assure the safety of any other
19 │ person and the community." 18 U.S.C. § 3142(e). See United States v. Salerno, 481 U.S.
20 │ 739, 750 (1987) ("The act operates only on individuals who have been arrested for a
21 │ specific category of extremely serious offenses.... Congress specifically found that these
22 │ individuals are far more likely to be responsible for dangerous acts in the community after
23 │ arrest.") (citation omitted); S.Rep. No. 98-225, p. 6-7 (1983), reprinted in 1984
24 │ U.S.C.C.A.N. 3182, 3189;United States v. Koon, 6 F.3d 561, 566 (9th Cir. 1993)
25 │ (justifying the presumption of dangerousness in 18 U.S.C. § 3142(f)(1) because "there is
26 │ a small but identifiable group of particularly dangerous defendants as to whom neither the
27 │ imposition of stringent release conditions nor the prospect of revocation of release can
28 │ reasonably assure the safety of the community or other persons").

DETENTION MEMORANDUM                                4

1   The judicial officer may detain a defendant if the government proves by a

2   preponderance of the evidence that the defendant poses a risk of flight. United States v.

3   Motamedi, 767 F. 2d 1403, 1407 (9th Cir. 1985), United States v. Gebro, 948 F. 2d 1118,

4   1121 (9th Cir. 1991). The preponderance of evidence shows a risk of flight where, among

5   other factors, the weight of the evidence is enough to alert the defendants to a "reasonable

6   possibility of conviction." United States v. Townsend, 897 F. 2d 989, 993-94 (9th Cir.

7   1990). In assessing flight, a court may consider that defendant having no visible means

8   of support, no property who is well known to narcotics officers for some period of time

9   and has ample funds to provide him with a means of absconding is a poor flight risk and a

10  case in which bail is properly denied. Further, in cases with large sums of cash available

11  to the defendant the court may draw the conclusion that the defendant has the means to

12  abscond. A defendant's financial condition and the length of sentence he or she faces are

13  of particular importance in assessing the risk of flight.

14   The judicial officer may also detain a defendant where the government shows by

15  clear and convincing evidence that no release condition will reasonably assure the safety

16  of the community. Specifically, detention may be ordered where the court finds no

17  condition or combination of conditions could prevent the defendant's continued or future

18  criminal activity. United States v. Salerno, 481 U.S. 739 (1987).

19   In assessing danger, physical violence is not the only form of danger contemplated by

20  the statute. Danger to the community can be in the form of continued narcotics activity or

21  even encompass pecuniary or economic harm. United States v. Reynolds, 956 F.2d 192

22  (9th Cir. 1992). Propensity to commit crime generally may constitute a sufficient risk of

23  danger to come within the act. See, United States v. Karmann, 471 F. Supp. 1021, 1022

24  (C.D. Cal 1979).

25   Ultimately, the government bears the burden of proving by a preponderance of

26  the evidence that the defendant poses a flight risk, or by clear and convincing evidence

27  that the defendant poses a danger to the community. United States v. Gebro, 948 F. 2d

28  1118, 1120 (9th Cir. 1991); United States v. Motamedi, 767 F. 23d 1403, 1405 (9th Cir.

DETENTION MEMORANDUM                          5

1   1985).

2   **V.   CONCLUSION**

3         ROPATI is a unique circumstance. On the one hand, she presents as a young

4   female defendant and hardly appears dangerous. Her continuous career of narcotics sales,

5   combined with the choice to recruit a juvenile and hold her neighborhood hostage have

6   demonstrated that there are no conditions or combination of conditions that will assure

7   the safety of her community short of detention. WHEREFORE, the United States

8   requests that the defendant be detained.

9

10  DATED: October 30, 2007                          Respectfully submitted,

11

12                                                   SCOTT N. SCHOOLS
                                                     United States Attorney
13
                                                            /s/
14
                                                     BARBARA BRENNAN SILANO
15                                                   Assistant United States Attorney

16

17

18

19

20

21

22

23

24

25

26

27

28

DETENTION MEMORANDUM                              6